United States District Court
Southern District of Indiana
New Albany Division

SCANNED at PENDLETON and Emailed on 2/2/21 by KC - 11 pages.

Michael Woods,
Plaintiff,

v.

Dennis Reagle, Officer Deme, Officer Konkle, Sergeant Gary, Bozinski, Sheri Wilson, Dr. Kneiser,
Defendants.

Case No. 1:21-cv-00273-TWP-DML

Jury Demand

**FILED**
**02/02/2021**
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

## Complaint

A. Plaintiff:
NAME: Michael Woods  DOC #911570
ADDRESS: Pendleton Correctional Facility, 4490 West Reformatory Road, Pendleton, Indiana 46064

B. Defendants:
NAME: Dennis Reagle
TITLE: Warden
ADDRESS: Pendleton Correctional Facility, 4490 West Reformatory Road, Pendleton, Indiana 46064

B. Defendants, cont.

Name: Officer Deme
Title: Correctional Officer
Address: Pendleton Correctional Facility, 4490 West Reformatory Road, Pendleton, Indiana 46064

Name: Officer Konkle
Title: Correctional Officer
Address: Pendleton Correctional Facility, 4490 West Reformatory Road, Pendleton, Indiana 46064

Name: Sergeant Gary
Title: Correctional Sergeant
Address: Pendleton Correctional Facility, 4490 West Reformatory Road, Pendleton, Indiana 46064

Name: Brzinski
Title: Fire Marshal
Address: Pendleton Correctional Facility, 4490 West Reformatory Road, Pendleton, Indiana 46064

Name: Sheri Wilson
Title: Medical Doctor
Address: Pendleton Correctional Facility, 4490 West Reformatory Road, Pendleton, Indiana 46064

B. Defendants, cont.,

NAME: Dr. Kneiser
TITLE: Medical Doctor
ADDRESS: Pendleton Correctional Facility, 4490 West Reformatory Road, Pendleton, Indiana 46064

## II. Statement of Jurisdiction And Previous Lawsuits

1.) Jurisdiction over this action exists in the United States District Court for the Southern District of Indiana because the claims arise in the Southern District of Indiana.

2.) Jurisdiction is invoked pursuant to 28 § U.S.C. 1343 (a)(3) in that this action seeks to redress the deprivation, under color of state law, of rights secured by Acts of Congress providing for equal rights of persons within the jurisdiction of the United States.

3.) Jurisdiction is also invoked pursuant to 28 § 1331 in that this is a civil action arising under the Constitution of the United States.

4.) None of the facts alleged or claims made in this suit has been previously presented in any other state or federal courts in an earlier suit.

## III. Supplemental Jurisdiction

5.) Supplemental Jurisdiction is invoked pursuant to 28 § U.S.C. 1367 for plaintiff's state tort negligence claims against Defendants.

## IV. Venue

6.) Venue is proper in that all the Defendants either work or reside in the Southern District of Indiana and the Southern District of Indiana is where the claims arise.

## VI. Cause of Action. cont.,

Ground 3 cont.: Similarly situated were evacuated, in violation of Woods Eighth (8th) and Fourteenth (14th) Amendment rights to the United States Constitution and State tort Negligence.

## VII. Statement of Facts

7.) On 9-9-2020, between the hours of 4:30 a.m. and 5:30 a.m. a fire broke out in a single inmates cell in JCH.

8.) As the fire continued for 45 minutes to an hour. None of the smoke detector/fire alarms alerted and correctional staff failed to conduct security walks which could have caught the fire before the deadly toxic fumes permeated throughout JCH.

9.) Plaintiff, Woods, who is asthmatic, a diabetic and has hypertension, along with other offenders in JCH was hollering because toxic fumes and soot floating in the air was causing breathing problems.

10.) Plaintiff, Woods was suffering from burning in his chest and lungs, dizziness and headaches.

11.) After approximately 45 minutes to an hour Woods and other offenders were finally evacuated from JCH and taken to the chow hall.

12.) After being taken to the chow hall Plaintiff, Woods and none of the other offenders in the chow hall with Woods were allowed to see medical upon request.

13.) After approximately 3 hours in the chow hall, Plaintiff, Woods and the other offenders were made to go back to JCH.

14.) Once Plaintiff, Woods got back into JCH, smoke and deadly chemicals were strong

## V. Exhaustion of Claims

7.) Plaintiff, Woods filed Grievance's and Grievance Appeals regarding the claims in his Complaint for the violations of federal and state law, the Constitution and I.DOC policy.

## VI. Cause of Action

GROUND 1: The acts or inactions of the defendants were deliberate or callously indifferent and meant to deny Plaintiff, Woods proscription against cruel and unusual punishment when the defendants failed to provide safe and acceptable conditions of confinement by failing to ensure that J-cell house ("JCH") had working smoke/fire alarms, fire extinguishers, proper evacuation procedures in place, and that staff were properly trained in fire hazard and prevention protocol meant to protect Plaintiff, Woods from fires and deadly fumes, which Woods had inhaled during a fire in JCH, in violation of Woods Eighth (8th) and Fourteenth (14th) Amendment rights to the United States Constitution and state tort Negligence.

GROUND 2: The acts or inactions of the defendants were deliberate or callously indifferent and meant to deny Plaintiff, Woods proscription against cruel and unusual punishment, when the defendants had Plaintiff, Woods placed back in JCH after three (3) hours, where toxic fumes had permeated through JCH, prior to having the air quality tested to ensure that the air was safe, while knowing full well that there is no ventilation systems properly functional in JCH, which caused Woods to inhale toxic fumes, causing Woods to suffer headaches, dizziness, burning in his lungs and chest, vomiting, diarrhea, respiratory problems, such as problems breathing and tightness in his chest, in violation of Woods Eighth (8th) and Fourteenth (14th) Amendment rights to the United States Constitution and state tort Negligence.

GROUND 3: The acts or inactions of the Defendant's were deliberate or callously indifferent and meant to deny Plaintiff, Woods medical treatment when after a fire in JCH, Woods was not provided any access to medical treatment for smoke inhalation, where the entire JCH had to be evacuated due to the cell house being full of toxic smoke for approximately 45 minutes to an hour before Woods and other offender

# VII. Statement of Facts, cont.,

(cont. from 14.)) and overwhelming, offending Plaintiff, Woods and other offenders.

15) Plaintiff, Woods and other offenders began complaining about having to go back into their cells with the stench and overwhelming toxic fumes from the lead paint and plastic and foam from the mattress that burned up.

16.) Though some offenders remained out of their cells when officers insisted that they return to their cells, Plaintiff, Woods did return to his cell with dizziness, headaches, burning in his chest and lungs and pressure in his chest, which restricted his breathing.

17.) While in his cell, Plaintiff, Woods noticed black soot in his fan and cleaned his fan out, before he went to sleep due to the severe headache he had and not wanting to breathe in the soot in his fan.

18.) When Plaintiff, Woods woke up with a headache and dizzy still, with congestion and tightness in his chest still Woods blew his nose and noticed black soot in his nasal secretions on 9-10-2020.

19.) Plaintiff, Woods filled out multiple Request for Health Care forms about his difficulties breathing, burning in his throat, chest and lungs, tightness in his chest, headaches and headaches and diarrhea.

20) After Plaintiff, Woods seen Defendant, Sheri Wilson on 9-23-2020, Woods detailed symptoms he had been experiencing as a result of the fire on 9-9-2020 in JCH and though she still had not recieved my Request for Health Care forms she ordered an EKG, which Woods recieved that day.

21.) Defendant, Sheri Wilson also ordered Woods Tums, which he did not recieve until October, after she reordered them after Woods had filed a grievance for denying him

## VII. Statement of Facts, cont.,

(cont. from 21.)) Medical treatment.

22.) Plaintiff, Woods also seen Defendant, Kneiser regarding his request for Health Care forms on 9-23-2020.

23.) Plaintiff, Woods began to inform Defendant, Kneiser of the same facts that he had provided Defendant, Sheri Wilson and Defendant, Sheri Wilson hollered to Defendant, Kneiser that she had already taken care of it.

24.) Plaintiff, Woods informed Defendant, Kneiser that Defendant, Sheri Wilson only ordered him Tums and that he had just came from getting an E.K.G., which test results were provided to Defendant, Kneiser looked at and stated were fine.

25.) Plaintiff, Woods informed Defendant, Kneiser that he was not given anything for his headaches and no test were done to see if the toxins from the fire had any effects with his blood work, because he had soot in his nasal secretions when he blew his nose, and he had also been having dizziness.

26.) Defendant, Kneiser ordered Chest X-Rays on Plaintiff, Woods chest, which was done on 9-24-2020, with no other test performed or treatment for pain or otherwise.

## VIII. Grounds For Relief

27.) Defendant, Dennis Reagle, while working under color of State law, at the Pendleton Correctional Facility, as Facility Warden, had an obligation to ensure safe conditions of confinement to its prisoners, but failed to ensure that annual checks were performed to

# VIII. Grounds For Relief, cont..

(cont. from 27) PCF that that there were working smoke/fire alarms in compliance with state and federal laws for buildings, that there were fire extinguishers in JCH for staff if fires broke out, and that officers were properly trained in fire and safety protocol and in evacuation procedures to protect inmates from fires and deadly fumes, while knowing full well that there has been multiple fires at Pendleton Correctional Facility over the years, with little to no ventilation in JCH, in violation of Woods Eighth (8th) and Fourteen (14th) Amendment rights to the United States Constitution and state tort Negligence.

28.) Defendant, Dewe has an obligation, while working under color of state law, at the Pendleton Correctional Facility, to ensure that the health and safety of offenders are provided by protocols and procedures, skill and training provided by and through policy, procedure and training by Departmental Staff at Pendleton Correctional Facility, when Defendant, Dewe failed to do his 15 minute security checks, which would have allowed Defendant, Dewe to discover and extinguish the fire in JCH before toxic fumes had permeated throughout JCH, causing Woods to suffer the injuries suffered in this complaint for which Woods still suffers, in violation of his Eighth (8th) and Fourteenth (14th) Amendment rights to the United States Constitution and state tort Negligence.

29) Defendant, Konkle, while working under color of state law, at the Pendleton Correctional Facility, had an obligation to ensure that the health and safety of offenders are provided by protocols and procedures, skill and training provided by and through policy, procedure and training by Departmental Staff at Pendleton Correctional Facility, but denied to Woods, when Defendant, Konkle failed to do his 15 minutes security checks, which would have allowed Defendant, Konkle to discover and extinguish the fire in JCH before deadly toxic fumes permeated throughout the entire JCH for 45 minutes to an hour before Woods was evacuated, which caused Woods to suffer injuries, which he still suffers, in violation of Woods Eighth (8th) and Fourteenth (14th) Amendment rights to the United States Constitution and state tort Negligence.

30.) Defendant, Gary, while working under color of state law, at the Pendleton Correctional Facility, had an obligation to ensure that the health and safety of offenders are provided and that his subordinates are in compliance with policies and procedures that are meant to provide and promote the health and safety of the offenders in JCH, but failed to and denied

## VIII. Grounds For Relief, cont.,

(cont. from 30.)) Woods health and safety, when Defendant, Gary failed to ensure that correctional staff in JCH conducted 15 minute security checks, as well as conduct any himself to ensure safety, which would have allowed Defendant, Gary or other staff to discover and extinguish the fire in JCH before deadly and toxic smoke and fumes permeated throughout JCH for 45 minutes to an hour before Woods was evacuated from JCH, which caused Woods to suffer the injuries stated in his complaint, and still suffers, in violation of Woods Eighth (8th) and Fourteenth (14th) Amendment rights to the United States Constitution and state tort negligence.

31.) Defendant, Bazinski, while working under color of state law, at the Pendleton Correctional Facility, as Fire Marshal, did deny Plaintiff, Woods safe conditions of confinement, when Defendant, Bazinski failed to ensure that JCH had working fire/smoke detectors in JCH and that the building met Federal and State building safety standards, which lead to JCH having toxic smoke and fumes permeate throughout JCH without one fire/smoke detector alerting for 45 minutes to an hour, which caused Plaintiff, Woods to inhale toxic smoke and fumes after Defendant, Bazinski also failed to have the air tested for toxin levels before having Woods and other offenders put back in JCH, in violation of Woods Eighth (8th) and Fourteenth (14th) Amendment rights to the United States Constitution and state tort negligence.

32.) Defendant, Sheri Wilson, while working under color of state law, at the Pendleton Correctional Facility, as Medical Doctor, did deny Plaintiff, Woods medical treatment for a serious medical condition when Woods notified Defendant, Sheri Wilson that he suffered from burning in his lungs and

## VIII. Grounds for Relief, cont.,

(cont. from 32.)) throat and chest, had black soot in his nasal secretions after he blew his nose, had tightness in his chest, had been throwing up, dizziness, headaches and diarrhea after a fire in JCH and Defendant, Sheri Wilson did little to nothing to treat or discover the reason Woods was suffering these symptoms, which began after the fire in JCH, which Woods still suffers, in violation of Woods Eighth (8th) and Fourteenth (14th) Amendment rights to the United States Constitution and state tort Negligence.

33.) Defendant, Kweiser, while working under color of state law, at the Pendleton Correctional Facility, as Medical Doctor, did deny Plaintiff, Woods medical treatment for a serious medical condition, when Woods notified Defendant, Kweiser that he suffered from burning in his lungs, throat and chest, had black soot in his nasal secretions after he blew his nose, had tightness in his chest, had been throwing up, dizziness, headaches and diarrhea after a fire in JCH, and Defendant, Kweiser did little to nothing to treat Plaintiff, Woods after suffering these symptoms, which began after the fire in JCH, which Woods still suffers, in violation of Woods Eighth (8th) and Fourteenth (14th) Amendment Rights to the United States Constitution and state tort Negligence.

## IX. Relief Requested

34.) Plaintiff, Woods seeks Compensatory and Declaratory Relief in the amount of $50,000 each Defendant;

35.) Plaintiff, Woods seeks Punitive Damages in the amount of $25,000 each Defendant;

36.) Plaintiff, Woods seeks Injunctive Relief permanently enjoining the Defendants

## IX. Relief Requested, cont.,

(cont. from 36.)) from committing the violations set forth in his complaint and to ensure that all fire/smoke detectors are properly working, all cell houses are in compliance with Federal and State building safety standards, all buildings housing offenders contain fire extinguishers, and all correctional staff receive quality training in fire and evacuation procedures at least once a year.

37.) All Defendants are sued in their individual capacities, with Defendants Dennis Reagle and Bezinski also being sued in their official capacity.

## X. Additional Relief

38.) Plaintiff, Woods, seeks an additional $2,000 from each Defendant for the State tort Negligence claims as provide by their Duties of policies and procedures assigned to them, as well as those pursuant to State law.

## Affirmation of Plaintiff

I, Michael Woods, Plaintiff, do hereby certify that the aforementioned cause do affirm that I have read all of the above statements contained in this complaint and that I believe them to be true and correct to the best of my personal knowledge and belief.

Signed this 26th day of January, 2021.

x Michael Woods
(Plaintiff - Pro-Se)
Michael Woods #911570
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, Indiana
46064