UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-00273-TWP-DML |
| ) | |
| DENNIS REAGLE, et al. ) | |
| ) | |
| Defendants. ) | |

**Order Screening Complaint and Directing Issuance and Service of Process**

Plaintiff Michael Woods, an inmate at Pendleton Correctional Facility, brings this civil rights action alleging that the defendants failed to take proper action before, during, and after a fire at the prison. Because Mr. Woods is a prisoner, his complaint is subject to screening.

### I.     Screening Standard

The Court must screen Mr. Woods' complaint, dismissing all claims that are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)−(c). To determine whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.    The Complaint

Mr. Woods names seven defendants in the complaint: (1) Warden Dennis Reagle; (2) Officer Deme; (3) Officer Konkle; (4) Sergeant Gary; (5) Fire Marshal Bazinski; (6) Dr. Sheri Wilson; and (7) Dr. Kneiser.

Mr. Woods alleges that there was a fire in one of the cells of his dorm in the early morning of September 9, 2020. Prison staff did not notice the fire for 45 minutes to an hour. When officials noticed the fire, inmates were evacuated to the chow hall for three hours before returning to the dorm.

Mr. Woods suffers from asthma, diabetes, and hypertension. The smoke and "toxic fumes" from the fire caused him breathing problems, chest pains, headaches, "burning in his lungs, throat and chest," dizziness, vomiting, and diarrhea. He has continued to experience these symptoms for at least five months after the fire.

Mr. Woods' allegations against the defendants are as follows:

- Warden Reagle failed to ensure that working smoke detectors and fire extinguishers were present in the dorm, and he failed to properly train staff in fire and safety protocols.
- Officers Deme and Konkle failed to conduct security checks in the dorm every 15 minutes.
- Sergeant Gary failed to ensure that officers conducted security checks every 15 minutes.
- Fire marshal Bazinski failed to ensure that working smoke detectors were present in the dorm and failed to test the air for toxic fumes before inmates were allowed back into the dorm.
- Dr. Wilson and Dr. Kneiser failed to provide treatment for Mr. Woods's symptoms.

Mr. Woods alleges that each defendant acted in violation of the Eighth and Fourteenth Amendments and was negligent under Indiana law. He seeks damages and injunctive relief.

### III.   Discussion

#### A.   Claims to Proceed

Mr. Woods' claims of deliberate indifference in violation of the Eighth Amendment and negligence under Indiana law **shall proceed** against Dr. Sheri Wilson and Dr. Kneiser.

#### B.   Claims to Be Dismissed

"[C]onstitutional claims must be addressed under the most applicable provision." *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (citation omitted). A complaint "gains nothing by attracting additional constitutional labels." *Id*. To the extent Mr. Woods alleges that the defendants violated his Fourteenth Amendment rights, such claims are **dismissed** because the most applicable provision is the Eighth Amendment.

#### C.   Claims to be Dismissed Without Prejudice as Misjoined

Multiple defendants may be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Mr. Woods's claims against prison officials and the fire marshal arise out of their alleged actions before and immediately following the fire on September 9, 2020. Mr. Woods's claims against Dr. Wilson and Dr. Kneiser arise out of these defendants' alleged ongoing failure to treat Mr. Woods's symptoms for five months between September 2020 and February 2021. Although Mr. Woods believes that smoke inhalation caused his symptoms, his *claims* against medical personnel do not arise from the fire. They arise from his medical treatment. Accordingly, the claims against Warden Dennis Reagle, Officer Deme, Officer Konkle, Sergeant Gary, and Fire Marshal Bazinski are **dismissed without prejudice** because these defendants are improperly joined.

If Mr. Woods wishes to bring claims in federal court against these defendants, he must do so by filing a new complaint in a new action. He will be required to pay another filing fee, and his complaint will be subject to screening under 28 U.S.C. § 1915A.[1] Even if the complaint is dismissed, Mr. Woods will be obligated to pay the full filing fee. Additionally, if his complaint is dismissed for failure to state a claim upon which relief may be granted, Mr. Woods may limit his ability to proceed *in forma pauperis* in the future. 28 U.S.C. § 1915(g).

### IV. Issuance and Service of Process

The **clerk is directed** to issue process to defendants Dr. Sheri Wilson and Dr. Kneiser. *See* Fed. R. Civ. P. 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Dr. Sheri Wilson and Dr. Kneiser are identified as employees of Wexford Health Sources, Inc. The **clerk is directed** to send a copy of this Entry to Wexford electronically. Wexford is **ordered** to provide the full name and last known address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed *ex parte*.

The **clerk is directed** to terminate on the docket defendants Warden Dennis Reagle, Officer Deme, Officer Konkle, Sergeant Gary, and Fire Marshal Bazinski.

**IT IS SO ORDERED.**

Date: 5/11/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

---

[1] Mr. Woods is warned that he cannot raise a viable constitutional claim against prison staff based on negligence. He must allege, at minimum, that the defendants knew of an excessive risk to inmate health and safety and disregarded that risk.

Distribution:

MICHAEL WOODS
911570
PENDLETON – Correctional Facility
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Dr. Sheri Wilson
Medical Staff
Pendleton Correctional Facility
4490 West Reformatory Road
PENDLETON, IN 46064

Dr. Kneiser
Medical Staff
Pendleton Correctional Facility
4490 West Reformatory Road
PENDLETON, IN 46064

Electronic service to:

    Wexford Health Sources, Inc.